NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JENNIFER SORAYA PAREDES-BANEGAS, | No. 19-72743 |
| Petitioner, | Agency No. A201-728-539 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2021**

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Jennifer Soraya Paredes-Banegas, a native and citizen of Honduras, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ) decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We grant in part, deny in part, and dismiss in part the petition for review, and we remand.

Substantial evidence does not support the agency's determination that Paredes-Banegas failed to establish a nexus to a protected ground. *See Singh v. Holder*, 764 F.3d 1153, 1159 (9th Cir. 2014) ("Testimony regarding a persecutor's statements serves as direct evidence that the persecution was motivated by a [protected ground] . . ."); *Madrigal v. Holder*, 716 F.3d 499, 506 (9th Cir. 2013) ("Although mistreatment motivated purely by personal retribution will not give rise to a valid asylum claim . . . if a retributory motive exists alongside a protected motive, an applicant need show only that a protected ground is 'one central reason' for his persecution." (internal citation omitted)); *see also Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (holding that the less demanding "a reason" nexus standard applies to withholding of removal claims).

In light of this disposition, the agency's analysis is incomplete as to past persecution because it does not cumulatively consider the physical abuse and threats from Paredes-Banegas's family, harassment and harm from community members, and death threats and physical violence from Maynor in its analysis of whether the harm Paredes-Banegas suffered rises to the level of persecution. *See*

*Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir. 1998) ("The key question is whether, looking at the cumulative effect of all the incidents a petitioner has suffered, the treatment she received rises to the level of persecution.").

Thus, we grant the petition for review and remand Paredes-Banegas's asylum and withholding claims to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Substantial evidence supports the agency's denial of CAT relief because Paredes-Banegas failed to show it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to Honduras. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We lack jurisdiction to consider Paredes-Banegas's contentions concerning her defective notice to appear and the Appointments Clause because she did not raise them to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented below).

We deny Paredes-Banegas's request, raised in her opening brief, for an initial hearing en banc. *See* Fed. R. App. P. 35(b) (requiring a showing of case conflict or a question of exceptional importance).

19-72743

The motion for a stay of removal (Docket Entry No. 1) is granted. Paredes-Banegas's removal is stayed pending a decision by the BIA.

The parties shall bear their own costs on appeal.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; DISMISSED in part; REMANDED.**

4                                                    19-72743